## EBENEZER WHALEY v. ISAAC GALE.

*Certiorari to a justice—Reversal—Evidence.*

A justice's judgment on the merits should not be reversed on *certiorari* for the admission or rejection of evidence, unless it clearly appears that the party against whom judgment was given was injured by such ruling.

Error to Shiawasee.   Submitted Apr. 13.   Decided Apr. 19.

ASSUMPSIT upon an agreement whereby plaintiff was to furnish a quantity of railroad ties, mark them and deliver them at certain points, and defendant was to give up a certain promissory note given by plaintiff to one Atherton and assigned by him to defendant for collection.   Plaintiff brings error.   Reversed.

*A. R. McBride* for appellant.

*Hugh McCurdy* for appellee.

MARSTON, J. This cause was commenced and tried in justice's court where the plaintiff recovered a judgment. On *certiorari* to the circuit the judgment of the justice was reversed. The case comes here on writ of error.

We have examined the errors alleged in the affidavit for the writ of *certiorari*. The objections made to the admission of certain testimony were not well taken. In order to reverse the judgment of a justice rendered upon the merits, for the rejection or admission of evidence, it should appear clearly that the party against whom the judgment was rendered was injured by the ruling.

The evidence offered and admitted on the part of the plaintiff tended to prove a valid binding agreement; the delivery of railroad ties at a place agreed upon and marking them as the defendant had directed. This was denied by the defendant. If the plaintiff's testimony and that of his witnesses was true, there was a delivery, and thus the case was taken out of the operation of the statute of frauds, and whether true or not was a question for the justice.

The judgment of the circuit court must be reversed and that of the justice affirmed with costs.

The other Justices concurred.